IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLARENCE ADIE HARVEY,

    Petitioner,

v.

G. SWARTHOUT, Warden,

    Respondent.
_____/

No. C 11-06232 SBA (PR)

**ORDER (1) VACATING JANUARY 19, 2012 ORDER DISMISSING ACTION WITHOUT PREJUDICE; (2) REOPENING ACTION; AND (3) DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED**

    Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated January 19, 2012, the Court dismissed the petition because Petitioner had not paid the filing fee or provided the proper forms in support of his in forma pauperis (IFP) application.[1] However, the record shows that Petitioner had in fact filed a complete IFP application along with a certificate of funds and his prisoner trust account statement on January 13, 2012.[2] However, this form was not entered into the Court's electronic database until January 31, 2012, more than a week after the dismissal order was issued. In view of this, it is clear that the present petition was dismissed erroneously. Therefore, the Court's January 19, 2012 Order of Dismissal Without Prejudice is VACATED.

    The Court now reviews the present petition. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

    1.    The Court's January 19, 2012 Order of Dismissal Without Prejudice is VACATED. The Clerk of the Court shall REOPEN this action.

    2.    Petitioner's application to proceed IFP is GRANTED.

    3.    The Clerk serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

---

[1] The Court notes that its January 19, 2012 Order was entered into the Court's electronic database on January 25, 2012.

[2] The Court notes that the envelope containing the complete IFP application was mailed by prison officials on January 13, 2012; however, it was not received by the Clerk until January 23, 2012.

1    4.    Respondent shall file with this Court and serve upon Petitioner, within **one-hundred
2 and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5
3 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not
4 be issued.  Respondent shall file with the Answer a copy of all portions of the relevant state records
5 that have been transcribed previously and that are relevant to a determination of the issues presented
6 by the petition.

7    5.    If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with
8 the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer.  Should
9 Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days**
10 after the date Petitioner is served with Respondent's Answer.

11    6.    Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days**
12 of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set
13 forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If
14 Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an
15 opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the
16 motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)
17 days** of receipt of any opposition.

18    7.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court
19 and Respondent informed of any change of address and must comply with the Court's orders in a
20 timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the
21 Court by mailing a true copy of the document to Respondent's counsel.

22    8.    Extensions of time are not favored, though reasonable extensions will be granted.
23 Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline
24 sought to be extended.

25    9.    This Order terminates Docket no. 5.

26    IT IS SO ORDERED.

27 DATED:   2/15/12

SAUNDRA BROWN ARMSTRONG
28                                    UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.11\Harvey6232.VacatingDis-Reopen-OSC.frm    2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CLARENCE ADIE HARVEY,

    Plaintiff,

v.

G. SWARTHOUT et al,

    Defendant.
_____/

Case Number: CV11-06232 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clarence Adie Harvey F-18007
California State Prison - Solano
2100 Peabody Road
Vacaville, CA 95696

Dated: February 15, 2012

Richard W. Wieking, Clerk
By: Lorene DeBose, Deputy Clerk